# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0089** (Hampshire County 15-F-26)

**Kevin Richard Helms,**
**Defendant Below, Petitioner**

**FILED**

**March 13, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kevin Richard Helms, by counsel Eric S. Black, appeals the Circuit Court of Hampshire County's January 5, 2016, order sentencing him to a term of incarceration of not less than one nor more than five years for one count of child abuse resulting in injury. Respondent, the State of West Virginia, by counsel Shannon Fredrick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in imposing his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, petitioner was on indicted on three counts of child abuse resulting in injury, in violation of West Virginia Code § 61-8D-3(a); one count of malicious assault, in violation of West Virginia Code § 61-2-9; and two counts of failure to report child abuse, in violation of West Virginia Code § 49-6A-2(a).[1] The charges were the result of an investigation into petitioner's abusive actions while he was a supervisor and caretaker at the Potomac Center.[2]

In March of 2015, petitioner, with the assistance of counsel, entered into a plea agreement with respondent whereby he pled guilty to one count of child abuse resulting in injury pursuant to West Virginia Code § 61-8D-3(a). The remaining counts of the indictment were

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. West Virginia Code § 49-6A-2(a) can now be found at West Virginia Code § 49-2-803(a).

[2]The Potomac Center, located in Romney, West Virginia, provides a variety of residential support and assistance for individuals with intellectual and developmental disabilities.

1

dismissed. On December 7, 2015, the circuit court held a sentencing hearing wherein it heard the arguments of counsel, petitioner's statement to the police, and a brief statement by the guardian appointed to represent the interests of the physically abused children. Petitioner's counsel argued that petitioner accepted responsibility for his actions, had a low risk of recidivism, and was a good candidate for probation. Petitioner testified that his work and family obligations warranted alternative sentencing. Respondent countered that petitioner committed numerous acts of misconduct throughout his term of employment with the Potomac Center and was suspended at least seven times. Following the presentation of evidence, the circuit court sentenced petitioner to a term of incarceration of not less than one nor more than five years for child abuse resulting in injury. The circuit court denied petitioner's motion for probation or alternative sentencing. Petitioner was sentenced by order entered on January 5, 2016. It is from this order that petitioner now appeals.

Regarding petitioner's claim that the circuit court erred in imposing his sentence, petitioner argues that his sentence is excessive because he presented "strong evidence that he was a good candidate for probation" and that the imposition of incarceration would be an "extreme hardship" on his family. This Court has previously held that it reviews "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 2, in part, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). We have also previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." *Georgius*, 225 W.Va. at 719, 696 S.E.2d at 21. We note that petitioner's sentence for his crime is within the applicable statutory limitations and petitioner does not allege that his sentence was based on any impermissible factor.

West Virginia Code § 61-8D-3(a) provides that

[i]f any parent, guardian or custodian shall abuse a child and by such abuse cause such child bodily injury as such term is defined in section one, article eight-b of this chapter, then such parent, guardian or custodian shall be guilty of a felony and, upon conviction thereof, shall be fined not less than $100 nor more than $1,000 and imprisoned in a state correctional facility for not less than one nor more than five years . . .

Petitioner was sentenced to a period of not less than one year nor more than five years for this crime. As such, it is clear that petitioner was sentenced within the applicable statutory guidelines. Thus, petitioner's sentence is not reviewable on appeal.

For the foregoing reasons, the circuit court's January 5, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: March 13, 2017

2

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker